**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**WASHINGTON, SC.**

| | | |
|---|---|---|
| **LAUREL EGAN SANDLIN,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-** CA 08 134 |
| | : | |
| **CIMINI & ASSOCIATES, INC.,** | : | |
| **GEORGE CIMINI, DAVID CIMINI,** | : | |
| **ASHLEY CIMINI, and CHAD CIMINI,** | : | |
| **Defendants** | : | |

SUPERIOR COURT
FILED
CONSTANCE L. CHAPMAN, JR
07 DEC 10 PM 3:49

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Rhode Island Parental and Family Medial Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA"), and for Defendants' failure to pay wages and overtime compensation owed to Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq.*

### II. Parties

1. The Plaintiff is a resident of the Town of Norwichtown, County of New London, State of Connecticut.

2. Defendant Cimini & Associates, Inc. ("CAI") is a Connecticut corporation with its principal place of business located in Westerly, Rhode Island.

3. During all relevant time periods, Defendant George Cimini was employed by Defendant CAI as President.

4. During all relevant time periods, Defendant David Cimini was employed by Defendant CAI as Chief Financial Officer.

5. During all relevant time periods, Defendant Ashley Cimini was employed by Defendant CAI as Vice President of Sales and Marketing.

6. During all relevant time periods, Defendant Chad Cimini was employed by Defendant CAI as a supervisor.

## III. Jurisdiction

7. This Court has jurisdiction over the Plaintiff's claims under the FEPA pursuant to R.I.G.L. §28-5-24.1, jurisdiction over the Plaintiff's claims under the CRPD pursuant to R.I.G.L. §42-87-4, jurisdiction over the Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2601, *et seq*., jurisdiction over the Plaintiff's claims under the RIPFMLA pursuant to R.I.G.L. §28-48-1, *et seq*., jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216, and jurisdiction over the Plaintiff's claims under the RIMWA pursuant to R.I.G.L. §§28-12-19 and 28-14-18.1.

## IV. Venue

8. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as one or more of the Defendants is deemed a resident of County of Washington, State of Rhode Island.

## V. Exhaustion of Administrative Remedies

9. On or about May 4, 2007, the Plaintiff timely filed a charge of disability discrimination against Defendants with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 07EPD268-50/38.

10. On or about October 16, 2007, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

11. On or about October 31, 2007, Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

## VI. Material Facts

12. In November, 2005, the Plaintiff was hired by Defendant CAI as Product Development Project Manager.

13. During all relevant time periods, the Plaintiff's work performance was satisfactory.

14. During all relevant time periods, the Plaintiff suffered from stress-induced heart palpitations.

15. That during all relevant time periods, Defendants knew that the Plaintiff suffered from a disability and/or regarded the Plaintiff as disabled.

16. That despite her disability and/or perceived disability, the Plaintiff was still qualified to perform her job with or without reasonable accommodation.

17. That during all relevant time periods, Defendants were aware that the Plaintiff had a need of a reasonable accommodation due to her disability and/or perceived disability in the form of a temporary medical leave from work.

18. That in early October, 2006, the Plaintiff commenced an approved or what should have been approved FMLA and RIPFMLA medical leave of absence due to symptoms associated with depression and anxiety.

19. That at all relevant times, the Plaintiff was eligible for and entitled to a FMLA and RIPFMLA medical leave.

20. That at all relevant times, the Plaintiff was eligible for a medical leave pursuant to Defendant CAI's established policy.

21. On or about October 18, 2006, the Plaintiff returned to work at CAI from her medical leave.

22. On or about October 18, 2006, the Plaintiff was terminated from her position at Defendant CAI.

23. On information and belief, Defendants' rationale for terminating Plaintiff's position was pretext for employment discrimination.

24. That Defendants terminated the Plaintiff from her position at Defendant CAI on account of her disability and/or because she was regarded as disabled and/or for exercising her rights under the FMLA and RIPFMLA.

25. Furthermore, both the FLSA and the RIMWA require an employer to pay its employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any one workweek. 29 U.S.C. § 207(a)(1); R.I.G.L. §28-12-4.1.

26. That during the duration of her employment with the Defendants, Defendants required the Plaintiff to work in excess of forty (40) hours but failed to pay her at rates not less than one and one-half times the regular rates at which she was employed, contrary to both 29 U.S.C. § 207(a)(1) and R.I.G.L. §28-12-4.1.

27. That despite Defendants' knowledge of their obligation to pay the Plaintiff her base salary and overtime premiums as required by the FLSA and RIMWA, and Defendants' knowledge that the Plaintiff's duties and/or the manner in which she was compensated rendered her a non-exempt employee, during the duration of the Plaintiff's employment with the Defendants,

Defendants knowingly and willfully refused to comply with their obligation to pay the Plaintiff certain wages or overtime premiums for hours worked over forty (40) in any one workweek.

28. That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of her disability in violation of the CRPD and the FEPA, discriminated against the Plaintiff in violation of the FMLA and RIPFMLA, and failed to comply with the requirements set forth in the FLSA and the RIMWA.

29. As a proximate result of Defendants' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, pension benefits, damage to her business and personal reputation, mental and physical anguish, pain and suffering, expenses for legal services, and other great harm.

## VII. Claims For Relief

30. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-29 above.

### Count One
### Unlawful Discrimination--R.I.G.L. §42-87-1, *et seq.*

31. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the CRPD.

### Count Two
### Unlawful Discrimination--R.I.G.L. §28-5-1, *et seq.*

32. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the FEPA.

**Count Three**
**Unlawful Discrimination--29 U.S.C. §2601, *et seq.***

33. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*., causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the FMLA.

**Count Four**
**Unlawful Discrimination-- R.I.G.L. §28-48-1, *et seq.***

34. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Rhode Island Parental and Family Medial Leave Act, R.I.G.L. §28-48-1, *et seq*., causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the RIPFMLA.

**Count Five**
**Violation of FLSA, 29 U.S.C. §206**

35. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Six**
**Violation of FLSA, 29 U.S.C. §207**

36. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Seven**
**Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.***

37. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I.G.L. §28-12-19.

**Count Eight**
**Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.***

38. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-12-19.

**VIII. Prayers for Relief**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, unlawfully violated the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Family

and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medial Leave Act, R.I.G.L. §28-48-1, *et seq.*

2. A declaratory judgment declaring that the Defendants willfully violated the wage and overtime payment requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq.*

3. In the alternative, a declaratory judgment declaring that the Defendants violated the wage and overtime payment requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq.*

4. Enjoining and permanently restraining the Defendants from violating the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, the Rhode Island Parental and Family Medial Leave Act, R.I.G.L. §28-48-1, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq.*

5. Award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

6. Award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

7. Award the Plaintiff punitive damages.

8. An award of liquidated damages pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §2617(a)(1).

9. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

10. An award of reinstatement, payment of back wages, full reinstatement of fringe benefits and seniority rights, and actual damages pursuant to R.I.G.L. §28-50-5.

11. Award the Plaintiff reasonable attorney's fees, expert fees, and costs of litigation.

12. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

PLAINTIFF,
By her attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)