**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LAUREL EGAN SANDLIN,<br>Plaintiff,<br>vs.<br>CIMINI & ASSOCIATES, INC., GEORGE CIMINI, DAVID CIMINI, ASHLEY CIMINI, and CHAD CIMINI,<br>Defendant | C.A.No. 1:08-cv-134 |

**ANSWER**

Defendants Cimini & Associates, Inc., George Cimini, David Cimini, Ashley Cimini, and Chad Cimini ("Defendants"), by and through their attorneys, Jackson Lewis LLP, for their Answer to the Complaint herein state as follows:

**AS TO THE "INTRODUCTORY STATEMENT"**

Defendants can neither admit nor deny the truth of the allegations contained in the "Introductory Statement" unnumbered Paragraph of the Complaint, as they fail to allege facts but merely state the relief sought and the statutes which Plaintiff claims he will invoke;

**AS TO "PARTIES"**

1. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit Paragraph 2 of the Complaint.

3. Defendants admit Paragraph 3 of the Complaint.

4. Defendants admit Paragraph 4 of the Complaint.

5. Defendants admit Paragraph 5 of the Complaint.

6. Defendants admit Paragraph 6 of the Complaint.

**AS TO "JURISDICTION"**

7. Defendants deny each and every allegation set forth in Paragraph 7 of the Complaint, except admit the United States District Court, District of Rhode Island has both original and supplemental jurisdiction of the Plaintiff's claims.

**AS TO "VENUE"**

8. Defendants deny each and every allegation set forth in Paragraph 8 of the Complaint as being moot.

**AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"**

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint.

**AS TO "MATERIAL FACTS"**

12. Defendants deny each and every allegation set forth in Paragraph 12 of the Complaint, except admit that Plaintiff was employed by Defendant CAI as a Product Developer beginning in January 2006.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore deny them and leave the Plaintiff to her proof.

15. Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendants deny each and every allegation set forth in Paragraph 16 of the Complaint.

17. Defendants deny each and every allegation set forth in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, except admit Plaintiff commenced a medical leave of absence on or about October 4, 2006.

19. Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation set forth in Paragraph 20 of the Complaint.

21. Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint, except admit that on October 18, 2006 Plaintiff returned to work.

22. Defendants admit Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation set forth in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in Paragraph 24 of the Complaint.

25. Defendants can neither admit nor deny the truth of the allegations contained in Paragraph 25 of the Complaint, as they do not aver facts but merely state conclusions of law.

26. Defendants deny each and every allegation set forth in Paragraph 26 of the Plaintiff's Complaint.

27. Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint.

28. Defendants deny each and every allegation set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny each and every allegation set forth in Paragraph 29 of Plaintiff's Complaint.

## AS TO "CLAIMS FOR RELIEF"

30. Defendants repeat and reallege their responses to Paragraphs 1 through 29 inclusive of the Complaint as though fully set forth herein in response to Paragraph 30 of the Complaint.

## AS TO COUNT ONE
## "UNLAWFUL DISCRIMINATION – R.I.G.L. §42-87-1, *et seq.*"

31. Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint.

## AS TO COUNT TWO
## "UNLAWFUL DISCRIMINATION – R.I.G.L. §28-5-1, *et seq.*"

32. Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

**AS TO COUNT THREE**
**"UNLAWFUL DISCRIMINATION – 29 U.S.C. §2601, *et seq.* "**

33. Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

**AS TO COUNT FOUR**
**"UNLAWFUL DISCRIMINATION – R.I.G.L. §28-48-1, *et seq.* "**

34. Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

**AS TO COUNT FIVE**
**"VIOLATION OF FLSA, 29 U.S.C. §206"**

35. Defendants deny each and every allegation set forth in Paragraph 35 of the Complaint.

**AS TO COUNT SIX**
**"VIOLATION OF FLSA, 29 U.S.C. §207"**

36. Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint.

**AS TO COUNT SEVEN**
**"VIOLATION OF RIMWA, R.I.G.L. §28-12-1, *et seq.* "**

37. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

**AS TO COUNT EIGHT**
**"VIOLATION OF RIMWA, R.I.G.L. §28-12-1, *et seq.* "**

38. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

39. **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory and/or punitive damages may be awarded.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which costs, expenses and/or reasonable attorneys' fees may be awarded.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because all actions taken by Defendants, if any, with respect to Plaintiff were undertaken in good faith for legitimate business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, any demand for relief requested by Plaintiff should be denied.

**SIXTH AFFIRMATIVE DEFENSE**

Even if any decision which affected Plaintiff's employment was motivated in part by Plaintiff's alleged request for a reasonable accommodation or for leave, or because of her sex, which Defendants deny, Defendants would have reached the same decision regardless of Plaintiff's gender or alleged request.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not an individual with a "disability" as defined by the ADA or under state law, nor was Plaintiff "regarded as disabled" as defined by the ADA or under state law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the election of remedies doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by her failure to satisfy the jurisdictional prerequisites and/or conditions precedent to filing or asserting a claim under statutes cited.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was at all times an "at-will" employee.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants never treated, perceived or regarded Plaintiff as an individual who was disabled.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is deficient under Rule 9(f) as she fails to make factual averments as to time and place of the allegations so pled, thereby making it impossible for Defendant to test the validity of said pleadings.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff never requested an accommodation for her alleged "disability."

**FIFTEENTH AFFIRMATIVE DEFENSE**

One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches consent, duress, illegality, license, payment, release res judicata, arbitration and award, discharge in bankruptcy, or injury by fellow servant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the Doctrine of After-Acquired Evidence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Rhode Island Workers' Compensation Laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

For purposes of this action, Defendants are not subject to the Family and Medical Leave Act of 1993, or the Rhode Island Parental and Family Medical Leave Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any act or omission on the part of Defendant was in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the Complaint is barred.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any act or omission on the part of Defendant was in good faith, and Defendant had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or Rhode Island law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Without admitting that Plaintiff was subject to the overtime provisions of the FLSA or any equivalent Rhode Island law, Plaintiff was paid properly under all applicable wage and hour laws.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") and/or any equivalent Rhode Island state law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant has fully compensated Plaintiff for all the hours she worked.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off with respect to Plaintiff for monies paid for any hours when she was not working.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is entitled to any back pay, the compensation Defendant paid her constituted compensation for all hours worked, not just the first forty hours.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of accord and satisfaction and/or payment and release.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which pre-judgment and post-judgment interest or liquidated damages or attorneys' fees may be awarded.

**TWENTY-NINETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claim for premium pay may not be maintained as the Plaintiff was paid wages in excess of those required under applicable regulations of the Rhode Island Department of Labor and Training.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant reserves all other defenses available under the Fair Labor Standards Act and the Rhode Island General Laws.

**WHEREFORE**, Defendant respectfully requests this Court:

a. dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. deny each and every prayer for relief set forth in Plaintiff's Complaint;

c. award Defendant reasonable attorneys' fees and costs; and

d. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

*and*

One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404

By:______/s/ Anthony J. DiOrio (#3419)____

By:______/s/ Rebecca McSweeney (#4020)____

ATTORNEYS FOR ALL DEFENDANTS

Dated: April 16, 2008