**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LAUREL EGAN SANDLIN,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-134ML** |
| | : | |
| **CIMINI & ASSOCIATES, INC.,** | : | |
| **GEORGE CIMINI, DAVID CIMINI,** | : | |
| **ASHLEY CIMINI, and CHAD CIMINI,** | : | |
| **Defendants** | : | |

## PLAINTIFF'S RULE 16 CONFERENCE STATEMENT

### I. Introduction

Now comes the Plaintiff and hereby submits the within Rule 16 Statement as required pursuant to this Court's Pretrial Conference Notice dated May 7, 2008. The Plaintiff reserves the right to modify, amend and/or augment the within statement at any time during the course of these proceedings.

### II. Facts of Case

### Employment Discrimination Claims

In November, 2005, the Plaintiff was hired by Defendant Cimini & Associates, Inc. ("CAI") as Product Development Project Manager. During all relevant time periods, the Plaintiff suffered from anxiety and depression. During all relevant time periods, Defendants knew that the Plaintiff suffered from this disability and/or regarded the Plaintiff as disabled. Defendants were also aware that the Plaintiff had a need for a reasonable accommodation due to her disability and/or perceived disability in the form of a temporary medical leave from work.

In early October, 2006, the Plaintiff commenced an approved or what should have been approved medical leave of absence pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*. ("FMLA"), and the Rhode Island Parental and Family Medial Leave Act, R.I.G.L.

§28-48-1, *et seq*. ("RIPFMLA") due to symptoms associated with depression and anxiety. The Plaintiff was eligible for and entitled to an FMLA and RIPFMLA medical leave. She was also eligible for a medical leave pursuant to Defendant CAI's established policy.

On or about October 18, 2006, the Plaintiff returned to work at CAI from her medical leave. On that same day, she was terminated from her position at Defendant CAI.

**Wage Violation Claims**

Throughout her employment, Defendants required the Plaintiff to work in excess of forty (40) hours but failed to pay her at rates not less than one and one-half times the regular rates at which she was employed, contrary to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq*. Despite Defendants' knowledge of their obligation to pay the Plaintiff her base salary and overtime premiums as required by the FLSA and RIMWA, Defendants knowingly and willfully refused to comply with their obligation to pay the Plaintiff certain wages or overtime premiums for hours worked over forty (40) in any one workweek.

**III. Legal Issues**

A. Whether the acts and/or omissions of the Defendants constitute unlawful discrimination against the Plaintiff in employment on account of her disability or because she was regarded as disabled in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq*. ("CRPD") and the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*. ("FEPA")?

B. Whether the acts and/or omissions of the Defendants were in violation of the FMLA and/or the RIPFMLA?

C. Whether the acts and/or omissions of the Defendants were in violation of the FLSA and/or the RIMWA?

D. Whether the Plaintiff sustained damages as a result of the Defendants' violations of the CRPD, the FEPA, the FMLA, the RIPFMLA, the FLSA and/or the RIMWA?

Plaintiff,
By her Attorneys,
Sinapi, Formisano & Co., Ltd.,

s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690
(401)943-9040 (facsimile)

**CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 4th day of June, 2008 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano