**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LAUREL EGAN SANDLIN,** Plaintiff, | : | |
| vs. | : | **Civil Action No. 08-134-ML** |
| | : | **DEFENDANT'S RULE 16 STATEMENT** |
| **CIMINI & ASSOCIATES, INC., GEORGE CIMINI, DAVID CIMINI, ASHLEY CIMINI and CHAD CIMINI,** Defendants. | : | |

## I. Preliminary Statement

Cimini & Associates, Inc., is a family owned business operated by Defendants George Cimini, David Cimini, Ashley Cimini Singh, and Chad Cimini (hereinafter collectively referred to as "Cimini"). The company, founded in 1992, is a precious metals manufacturing facility in Westerly, Rhode Island. The company produces products for the dental, electrical, aerospace, nuclear, jewelry, steel-cutting and other industries using computerized, numerically controlled machinery. Cimini is still a small company with a workforce that fluctuates somewhat with the amount of work, but generally employs between 55 and 65 workers.

Laurel Egan Sandlin (hereinafter referred to as "Plaintiff"), was hired as a Product Developer by Cimini in December 2005, to start work on January 2, 2006. Plaintiff was an exempt, full-time, at-will employee during the time she worked for Cimini. Plaintiff's employment with Cimini was terminated on October 18, 2006 due to ongoing attendance and tardiness problems, as well as significant performance deficiencies.

## II. Facts

Cimini offered Plaintiff employment as a Product Developer, requesting a start

date of December 1, 2005[1]. Her job functions included, but were not limited to: (a) developing and improving all new and existing products from conception to launch, (b) assisting in actual production of Cimini's products, (c) working with the Director of Sales and Marketing on customer relationship management, (d) participating in the analysis of production costs and sales prices, and (e) identification of new outside vendors for product production. She was offered a salary plus a guaranteed bonus and would receive an informal six-month progress review along with a formal twelve-month salary review.

Plaintiff failed to perform her job duties satisfactorily during the course of her ten months of employment with Cimini. She was hired to take over responsibility for product design projects from her supervisor, Ms. Singh. Unfortunately, Ms. Singh eventually had to take most of the projects back because of delays, incorrect specifications, failure to understand axiomatic calculations, and incorrect order volume, problems which were all directly attributable to Plaintiff's failure to adequately perform her duties.

Plaintiff was also absent from work far more often than company policy generally allowed. Every employee at Cimini is given five days of vacation time after being employed for six months. Sick time does not begin to accrue until an employee has been with the company for one year. During her first five months at Cimini, Plaintiff was absent five times. During the subsequent four months, Ms. Sandlin was absent for an additional nine days (not including her medical leave in October 2006). On *no* occasion did Plaintiff reveal or exhibit any disability or ask for any accommodation based on any disability. In fact, her absences were requested for various reasons such as attendance at her child's school function or various doctor appointments for either herself or her children. At no time did she request time off or seek any accommodation based upon "stress" or "heart palpitations" or any related condition until her belated and

[1] Plaintiff's official starting date was January 3, 2006.

uninformative doctors' excuses were produced midway through her approved medical leave.[2]

In addition, Plaintiff was chronically late for work, which caused her to miss important production meetings and client telephone calls. During her first five months of employment, Plaintiff timely arrived at work on *no more than five occasions*. Her Supervisor, Ashley Singh, spoke to Plaintiff on many occasions about her chronic tardiness, and even changed Plaintiff's work schedule at her request, but there was no significant improvement during the entire course of her employment.

On October 3, 2006, in what was to become another big mistake made by Ms. Sandlin, Cimini discovered that Plaintiff had miscommunicated the dimensions for a major platinum ring project being produced for Tiffany & Co. Had this mistake gone undetected by supervisors at Cimini, the Company could have lost $250,000.00 just in raw materials that would have to have been scrapped. Further, Cimini would certainly have lost significant man-hours, and possibly lost the customer as well, all due to Plaintiff's careless measurements and/or communications regarding the platinum ring project.

The Company therefore made a decision to terminate Plaintiff's employment for cause. The termination was to take place on Friday, October 6, 2006.[3] However, on the following day, October 4, 2006, Plaintiff called in sick. On October 5, 2006, Plaintiff's husband called Cimini to say that his wife would be out for an "indeterminate period". On October 10, 2006, Mr. Sandlin forwarded an e-mail to Cimini with two notes, one written on October 4, 2006 by Dr. Blum, an M.D., and the other written on October 5, 2006 by Linda Doran, a psychotherapist, both excusing Charging Party from work from October 4, 2006 through October

---

[2] Neither the note of Dr. Blum nor of Linda Duran mention heart palpitations -- the notes merely state Charging Party had chest symptoms and stress without further explanation.

[3] It should be noted that Cimini preferred, when necessary and appropriate, to terminate an employee's employment at the end of a work week. In this way, the exit of the individual will normally occur at the end of the work day, the personal belongings can be boxed and removed with adequate supervision, again, due to the nature of the products which Cimini is involved in.

18, 2006, citing "stress" as the reason.

Before receiving the email from Mr. Sandlin containing the notes from Dr. Blum and Linda Duran, Cimini had no knowledge of any stress-related condition pertaining to Ms. Sandlin. The only allusion regarding stress Plaintiff had made during her employment with Cimini was the difficulty she was having juggling work and the demands of her home life, which she made known just before she requested the change in her work schedule. At no point did she indicate that she had any medical diagnosis which involved "stress". Nor do we believe had any such diagnosis existed prior to her doctor visits *after* she went out on leave in October 2006.

On the date of her return to work, Wednesday, October 18, 2006, Plaintiff *arrived two hours late* without notifying anyone at Cimini. When she finally arrived, Ms. Singh held the exit interview she had planned to hold on October 6, 2006. David Cimini was also present.

**III. Issues**

Plaintiff has made claims of discrimination under the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.;* the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*; the Rhode Island Parental and Family Medical Leave Act, §28-48-1 *et seq.* In addition, Plaintiff is claiming that Cimini failed or refused to pay salary or overtime to which she was entitled in violation of the Fair Labor Standards Act, 29 U.S.C. §206, and the Rhode Island Minimum Wage Act, R.I.G.L. 28-12-1.

Defendants deny all allegations of discrimination. Plaintiff's employment was terminated solely due to her tardiness, absenteeism, and poor performance. Even assuming *arguendo* that Plaintiff had a qualifying disability, which Defendants deny, she never told anyone at Cimini that she had any disability or had need of any "accommodation." Nor can Plaintiff claim she was treated less favorably than other employees, since her work schedule was

adjusted at her request, and she was allowed to take time off from work beyond company policy and usual practice. Defendants also claim that Plaintiff was an exempt employee under the *Administrative Employee Exemption* and/or the *Professional Employee Exemption* under Fair Labor Standards Act regulations and was, therefore, not entitled to overtime pay and was properly paid an agreed-upon salary.

**VI. Conclusion.**

Plaintiff cannot show any entitlement to the protections afforded by the ADA, the Rhode Island Civil Rights of People With Disabilities Act, or the Rhode Island Fair Employment Practices Act; nor the FMLA, nor was she entitled to FMLA leave or leave under the Rhode Island Parental and Family Medical Leave Act. Plaintiff's claims under the FLSA and Rhode Island Minimum Wage Act must also fail because of Plaintiff's exempt status. Cimini's legitimate business reasons for terminating plaintiff's employment are reasonable. Based on the foregoing, Plaintiff's claims should be denied and dismissed.

Dated: June 9, 2008
Providence, Rhode Island

JACKSON LEWIS LLP
127 Dorrance Street
Providence, Rhode Island 02903
Telephone: 401-490-3444

By: /s/ Rebecca McSweeney (#4020)
Rebecca McSweeney
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LAUREL EGAN SANDLIN,<br>Plaintiff,<br>vs.<br><br>CIMINI & ASSOCIATES, INC., GEORGE CIMINI, DAVID CIMINI, ASHLEY CIMINI, and CHAD CIMINI,<br>Defendant | C.A.No. 1:08-cv-134 ML |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Defendants' Cimini & Associates, Inc., George Cimini, David Cimini, Ashley Cimini, and Chad Cimini Rule 16 Statement has been filed electronically and that it is available for viewing and downloading from the ECF system, this 10th[th] day of June, 2008.

/s/ Rebecca McSweeney (#4020)